IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLARENCE O'NEAL LEVERETTE, SR.**                                              **APPELLANT**

**V.**                                              **CIVIL ACTION NO. 1:14CV197-KS-MTP**

**COMMUNITY BANK**                                              **APPELLEE**

## OPINION AND ORDER

This matter is before the Court on the Appellee Community Bank's Motion to Dismiss Appeal [2], and *sua sponte* for case management purposes. For the reasons stated below, the Court finds that the Motion to Dismiss Appeal should be denied and that the Appellant Clarence O'Neal Leverette, Sr. should be afforded one final opportunity to file his initial brief.

## Relevant Bankruptcy Proceedings

This is a bankruptcy appeal having its origins in a Chapter 13 bankruptcy proceeding initiated by Leverette on July 8, 2011, in the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court"). (*See* Bankr. Case No. 11-51548.) On February 3, 2012, Leverette filed an adversary proceeding against Community Bank, a secured creditor, alleging that it willfully violated the automatic stay arising as a result of Leverette's filing for bankruptcy by repossessing a farming tractor. (*See* Adv. Proc. Case No. 12-05005.) Following a trial in the adversary proceeding, the Bankruptcy Court entered its Memorandum Opinion finding that Community Bank violated the automatic stay and that Leverette was entitled to costs and reasonable attorney's fees, but not lost income or punitive damages. (*See* Adv. Proc. Doc. No. [50].) On March 7, 2014, Final Judgment was entered in favor of Leverette, awarding

him reasonable attorney's fees in the amount of $6,278.13, while denying all other requests for relief in the Complaint. (*See* Adv. Proc. Doc. No. [60].) On March 17, 2014, Leverette filed his Motion to Reconsider, which was aimed at the Memorandum Opinion and Final Judgment. (*See* Adv. Proc. Doc. No. [61].) On April 7, 2014, Leverette filed his Notice of Appeal from the Final Judgment. (*See* Adv. Proc. Doc. No. [66].) An Agreed Order Withdrawing Motion to Reconsider and Withdrawing Response and Cross Motion with Prejudice ("Agreed Order") was entered in the adversary proceeding on April 24, 2014. (*See* Adv. Proc. Doc. No. [71].)

## Proceedings in This Court

On May 22, 2014, Community Bank filed its Motion to Dismiss Appeal [2].[1] Leverette's initial appellate brief was due to be filed on or before May 27, 2014. On that date, Leverette filed a Motion to Enlarge Time to File Brief [3]. The Court subsequently granted Leverette's request and extended the time for the filing of his initial brief until June 11, 2014. (*See* Order [4].) Via a separate Order [5], the Court also set the time for the filing of Leverette's response to Community Bank's Motion to Dismiss Appeal [2] as on or before June 11, 2014. June 11 came and passed without any filings by Leverette. Thus, the Court entered its Order to Show Cause [6], requiring Leverette to show cause on or before July 1 as to why he failed to file his initial brief and response to the Motion to Dismiss Appeal by the aforementioned deadline. The Court also ordered Leverette to advise whether he intended to file his brief and response out of time, and if so, provide justification for these documents being considered out of time. On July 1,

---

[1] This and all subsequent docket entry numbers referenced herein correspond with filings in this civil action, Case No. 1:14cv197.

Leverette's attorney filed a letter with the Court appearing to lay blame for the failings referenced in the Order to Show Cause on his schedule being "totally out of shape and . . . [his] memory regarding the applicable Appellate Rules . . . ."  (Doc. No. [7 at ECF p. 1].)  Leverette's counsel also briefly argued against Community Bank's Motion to Dismiss Appeal, and requested that Leverette be given until July 7 to file his appellate brief.  July 7 has also come and passed without any additional filings by Leverette.

## Motion to Dismiss Appeal [2]

Community Bank requests that the appeal be dismissed based on untimeliness.  Federal Rule of Bankruptcy Procedure 8002 supplies the applicable provisions for determining if a bankruptcy appeal was timely filed.  Pursuant to subsection (a) of the Rule, "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  However, certain motions, such as a motion to alter or amend a judgment filed within 14 days of the judgment, suspend the time for appeal until "the entry of the order disposing of the last such motion outstanding."  Fed. R. Bankr. P. 8002(b).  A notice of appeal filed after the entry of judgment but before the disposition of a motion to alter or amend a judgment is ineffective until the entry of the order disposing of the motion.  Fed. R. Bankr. P. 8002(b)(4).  The notice of appeal "become[s] effective upon disposition of the motion."  Fed. R. Bankr. P. 8002 advisory committee's note.  When a party filing a notice of appeal and a subsequent motion to alter or amend a judgment seeks appellate review of the order disposing of the motion, the party must amend the previously filed notice of appeal within 14 days of the entry of the order granting or denying the motion.  Fed. R. Bankr. P. 8002(b)(4).

Leverette's Motion to Reconsider was filed in the adversary proceeding ten (10) days after the entry of the Bankruptcy Court's Judgment. A motion for reconsideration is treated as a motion to alter or amend a judgment and suspends the time for filing a notice of appeal if it is filed within the time period specified under Rule 8002(a). *See In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988). Thus, Leverette's Motion to Reconsider suspended the time for his appeal until the Bankruptcy Court disposed of the motion. *See* Fed. R. Bankr. P. 8002(b). Furthermore, Leverette's April 7, 2014 Notice of Appeal became effective upon the April 24 filing of the Agreed Order disposing of the Motion to Reconsider. *See* Fed. R. Bankr. P. 8002(b)(4). Leverette never filed an amended notice of appeal. As a result, any issues addressed solely in the Motion to Reconsider and resulting Agreed Order are not before this Court. *See id.* Nonetheless, Leverette's Notice of Appeal was timely and effectively filed and he was not required to file an amended notice of appeal to obtain appellate review of the Bankruptcy Court's March 7 Final Judgment. Community Bank's Motion to Dismiss Appeal will be denied as a result.

### **Leverette's Failure to File His Initial Brief**

Federal Rule of Bankruptcy Procedure 8001 states in pertinent part that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Accordingly, "the court must exercise discretion and consider what sanctions are appropriate" for Leverette's failure to file his appellate brief. *In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000). The Fifth Circuit has affirmed a district court's dismissal

of a bankruptcy appeal when the appellant's brief was not filed during the 19 and 1/2 months the appeal was pending before the district court. *See In re Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985). "Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution, and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed." *Id.* at 1305 (citations omitted). The Fifth Circuit has also recognized that although the dismissal of an appeal lies within a district court's discretion, dismissal is a harsh sanction that may unduly penalize a litigant for his attorney's mistakes. *See In re CPDC Inc.*, 221 F.3d at 699. In *CPDC Inc.*, the Fifth Circuit found that the district court abused its discretion in dismissing a bankruptcy appeal due to the appellant's defective record designation and late filing of the statement of the issues. *Id.* at 700-01. "In the absence of evidence of prejudice or obstinately dilatory conduct, and given that the purpose of Rule 8006 [record and issues on appeal] has been satisfied, we conclude that dismissal was not justified in this case." *Id.* at 701.

The Court is troubled by Leverette's failure to comply with the simple procedural requirement of filing documents on time. Leverette requested and was granted an extension of time until June 11, 2014, to file his initial brief. Leverette missed that deadline, which the Court also explicitly set as the due date for his response to Community Bank's Motion to Dismiss Appeal [2], as well as his self-imposed deadline of "July 7, 2014 to file the brief." (Doc. No. [7 at ECF p. 1].) Neither the status of Leverette's counsel's schedule nor his counsel's failure to remember or recognize the applicable procedural rules justifies the untimely response to the Motion to Dismiss Appeal or the absence of Leverette's appellate brief from the record. *Cf. Gillespie v. B L*

*Dev. Corp.*, 67 Fed. Appx. 243, 2003 WL 21140045, at *1-2 (5th Cir. 2003) (affirming the magistrate's denial of the plaintiff's request for an extension of time to oppose summary judgment based on her counsel's busy schedule); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (providing that only in rare instances will an attorney's misinterpretation of federal rules constitute excusable neglect for the untimely filing of a document). Furthermore, this appeal is languishing and cannot proceed in any meaningful manner until Leverette files his brief presenting arguments and reasons as to why the Bankruptcy Court purportedly erred.

At the same time, the Court is unconvinced that Leverette, as opposed to his counsel, is to blame for the inadequate prosecution of this appeal. *See In re CPDC Inc.*, 221 F.3d at 699-700 (providing that the district court should consider, among other things, "that dismissal unfairly punishes clients for the mistakes of their counsel in some cases" in determining the propriety of dismissal). In addition, it does not appear that Community Bank has been prejudiced by Leverette's procedural failings. Community Bank's sole filing on appeal, the Motion to Dismiss Appeal [2], has been found to lack merit and does not address Leverette's failure to file an appellate brief. Therefore, Leverette will be granted one final opportunity to prosecute this appeal. Absent extraordinary circumstances, Leverette's failure to file his appellate brief by the deadline set below will be considered contumacious or obstinately dilatory conduct and will result in the dismissal of this appeal.

## **Conclusion**

For the forgoing reasons:

IT IS ORDERED AND ADJUDGED that the Motion to Dismiss Appeal [2] is

denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Appellant Clarence O'Neal Leverette, Sr. shall file his initial appellate brief on or before July 29, 2014. **Absent extraordinary circumstances, the Appellant's failure to file his brief by this deadline will result in the dismissal of this appeal.**

SO ORDERED AND ADJUDGED this the 22nd day of July, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE